**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LABORERS' PENSION FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 2156 |
| | ) | |
| DYNAMIC WRECKING & | ) | Judge Norgle |
| EXCAVATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF AN AGREED JUDGMENT ORDER

Plaintiffs, Laborers' Pension Fund and Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and plaintiff James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their undersigned attorneys, state:

1. On April 18, 2007, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times defendants Dynamic Wrecking & Excavation, Inc. ("Dynamic") and Rasheed Bonds had an obligation arising from a collective bargaining agreement to report and pay contributions to plaintiff Funds, to submit to an audit upon demand and to obtain and maintain a surety bond.

2. On October 25, 2007, by leave of court, plaintiffs amended the complaint, making certain corrections. The Amended Complaint was filed under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times defendants Dynamic and Bonds had an obligation arising from a collective bargaining agreement to report and pay contributions to plaintiff Funds, to submit to an audit upon demand and to obtain and

maintain a surety bond. In the Amended Complaint, plaintiffs sought contributions and reporting information from February 2005 to the present.

3. Defendant Rasheed Bonds is being sued in his individual capacity because he personally guaranteed Dynamic's obligations.

4. The parties have agreed that the amount of liability in this case is $185,000.00.

5. The parties have agreed to enter into an Agreed Judgment Order for that amount, with execution stayed pending compliance with a schedule of payments, as detailed in the attached proposed Agreed Judgment Order. The parties have agreed to the terms of that order, including that, should the defendants fail to make a payment or payments consistent with the Agreed Judgment Order's schedule of payments, or fail to pay current contributions, plaintiffs may execute on the outstanding portion of the judgment without further order of court.

6. A proposed Agreed Judgment Order, encompassing these terms, is attached to this motion.[1]

WHEREFORE, Plaintiffs request entry of the attached Agreed Judgment Order.

Respectfully submitted,

/s/ Josiah A. Groff
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY
230 West Monroe Street
Suite 2600
Chicago, IL 60606
(312) 364-9400

November 3, 2008

---

[1] Defendants' signatures on the attached Agreed Judgment Order are pending. The parties will present the court with a version signed by all parties when this motion is presented on Friday, November 7 at 10:30 a.m.